IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOEL DOUGLAS ALEXANDER                                          PLAINTIFF

VS.                               CIVIL ACTION NO. 5:02-cv-665(DCB)(JMR)

MANHEIM SERVICES CORPORATION;
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC.; MANHEIM AUCTIONS,
INC.; JAMES GRAB and MIKE BRYANT                               DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the following motions:

(1) defendants Manheim Services Corporation, Manheim's Pennsylvania Auction Services, Inc., and Manheim Auctions, Inc. (collectively "MMA")'s motion to dismiss or in the alternative for summary judgment **(docket entry 73)**;

(2) the plaintiff Joel Douglas Alexander ("Alexander")'s motion to strike exhibits to MMA's motion to dismiss or in the alternative for summary judgment **(docket entry 84)**;

(3) defendants MMA and Jim Grab ("Grab")'s supplemental motion to dismiss or in the alternative for summary judgment **(docket entry 120)**;

(4) defendant Mike Bryant ("Bryant")'s motion for summary judgment or in the alternative for partial summary judgment **(docket entry 123)**; and

(5) defendants MMA and Grab's supplemental motion for summary judgment **(docket entry 133)**.

Having carefully considered the motions and responses, the memoranda and applicable law, as well all supporting documents, and

being otherwise fully advised in the premises, the Court finds as follows:

The plaintiff alleges in his complaint that he purchased automobiles from MMA in Pennsylvania, to sell at his Jackson, Mississippi, dealership, and that by agreement of the parties, the plaintiff's check was to be held by MMA.  The plaintiff contends that the check was presented for payment prematurely, and was not honored.  He also alleges that defendants MMA and Grab instituted criminal proceedings against him in Pennsylvania and a warrant for his arrest was issued without probable cause.  The plaintiff was arrested in Jackson and transported to Pennsylvania where he pled not guilty to the charges against him.  All charges were later dismissed by an order of nolle prosequi.  Alexander alleges that MMA and Grab directed defendant Bryant to seize his inventory at his dealership in Jackson, and that the inventory was wrongfully seized.

The plaintiff alleges claims against the defendants under state law for abuse of process, malicious prosecution, negligence, wrongful repossession, defamation, civil conspiracy, damages and punitive damages.  The defendants move for dismissal and/or summary judgment on all claims.

Rule 12, F.R.Civ.P., provides that if, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all

material made pertinent to such a motion by Rule 56." See also St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 278-79 (5th Cir. 1991).

Rule 56 provides that judgment for the moving party "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See also South Central Bell v. Canal Place Limited Partnership, 927 F.2d 867, 868 (5th Cir. 1991).

The Court will therefore treat the defendants' motions as for summary judgment.  Since the plaintiff has responded as to the motions for summary judgment, the Court has before it all material pertinent to Rule 56.  For purposes of these motions, the Court affords the plaintiff the benefit of every reasonable doubt as to whether a material issue of fact exists.  The Court also requires the defendants to establish that there is no genuine issue as to any material fact, and that they are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Abuse of process occurs when (1) a party makes an illegal use of legal process; (2) the party has an ulterior motive; and (3) damage results from the perverted use of process. Coleman v. Smith, 914 So.2d 807, 812 (Miss. App. 2005).

The elements of malicious prosecution are: (1) the institution of a proceeding, (2) by, or at the insistence of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4)

3

malice in instituting the proceedings, (5) want of probable cause for the proceedings, and (6) the suffering of injury or damage as a result of the prosecution.  McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973 (Miss. 2001).

Negligence is the "failure to exercise reasonable care under the circumstances." Dillon v. Greenbriar Digging Service, 2005 WL 1384245, *3 (Miss. App. June 7, 2005).  The elements of a negligence action are (1) duty, (2) breach of duty, (3) causation, and (4) injury.  Patterson v. Liberty Assoc., 910 So.2d 1014, 1020 (Miss. 2004).

In order to succeed on his claim of wrongful repossession, the plaintiff must prove that the defendants did not have a security interest in the property that was seized; or that, if there was a security agreement between the parties covering the property, the plaintiff was not in default; or that, if there was a security agreement covering the property and the plaintiff was in default, the defendants breached the peace in seizing the property.  See Miss. Code Ann. § 75-9-609.

Defamation is defined as "[t]he act of harming the reputation of another by making a false statement to a third person."  Black's Law Dictionary (7th Ed. 1999).  Claims of defamation are actionable when words employed have clearly been directed toward the plaintiff, and when defamation is clear and unmistakable from the words themselves, not the product of innuendo, speculation or conjecture.  Stegall v. WTWV, Inc., 609 So.2d 348, 351 (Miss. 1992).

The elements of a civil conspiracy are (1) a conspiracy, (2) an overt act of fraud in furtherance of the conspiracy, and (3) damages to the plaintiff as a result of the fraud. <u>Delta Chemical Petroleum, Inc. v. Citizens Bank of Byhalia, Mississippi</u>, 790 So.2d 862, 877 (Miss. 2001).

All of the plaintiff's claims depend, as a threshold matter, on the nature of the agreements between the parties and whether Alexander was in default under those agreements. The defendants have produced a security agreement covering the plaintiff's collateral; however, whether Alexander was in default of the agreement is contested by the parties, and the Court is unable to resolve the matter as a matter of law at this stage in the proceedings. As for the agreement concerning the purchase of the vehicles, the parties have not produced a written contract, and they are in dispute as to the terms of the agreement and whether it was breached by the plaintiff. Inasmuch as the plaintiff's claims rise or fall depending on the resolution of these disputed issues of fact, summary judgment shall be denied. Accordingly,

IT IS HEREBY ORDERED that defendants Manheim Services Corporation, Manheim's Pennsylvania Auction Services, Inc., and Manheim Auctions, Inc.'s motion to dismiss or in the alternative for summary judgment **(docket entry 73)**; said defendants and defendant Jim Grab's supplemental motion to dismiss or in the alternative for summary judgment **(docket entry 120)**; and said defendants' supplemental motion for summary judgment **(docket entry 133)** are DENIED;

FURTHER ORDERED that defendant Mike Bryant's motion for summary judgment or in the alternative for partial summary judgment **(docket entry 123)** is DENIED;

FURTHER ORDERED that the plaintiff Joel Douglas Alexander's motion to strike exhibits **(docket entry 84)** is DENIED without prejudice.

SO ORDERED, this the   9th   day of July, 2007.

                                            s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE