```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JOEL DOUGLAS ALEXANDER                                 PLAINTIFF

VS.                          CIVIL ACTION NO. 5:02-cv-665(DCB)(JMR)

MANHEIM SERVICES CORPORATION;
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC.; MANHEIM AUCTIONS,
INC.; JAMES GRAB and MIKE BRYANT                       DEFENDANTS
```

<u>ORDER</u>

This cause is before the Court on the plaintiff's Motion in Limine No. 7, contained in his Motions in Limine **(docket entry 148)**. Having carefully considered the motion, and the defendants' responses, the Court finds as follows:

The plaintiff moves the Court to exclude James Cooper as a witness for the defendants, because he was not tendered in response to the plaintiff's Notice of the Corporate Deposition of Manheim Services Corporation, Inc., as a person having knowledge of the transactions between Joel Alexander and the Manheim defendants.

In his response to the motion, defendant Mike Bryant states that Cooper is not being called as a witness by the Manheim defendants, but is being called as a witness by Bryant.  The Manheim defendants are Manheim Services Corporation, Inc., and Manheim Pennsylvania Auction Services, Inc., d/b/a Manheim Auctions, Inc.  Cooper is employed by Manheim Automotive Financial Services, Inc, which is not a defendant in this case.  Thus, the Manheim defendants were not required to designate Cooper in response to the plaintiff's Rule 30(b)(6) notice.

On April 16, 2007, Bryant attached an affidavit of James Cooper to his motion for summary judgment. On June 29, 2007, Bryant filed supplemental disclosures pursuant to Rule 26(A)(1), in which he listed James Cooper as an individual likely to have discoverable information concerning the claims and defenses in this case. In his response to the plaintiff's motion in limine, Bryant states that Cooper is expected to testify consistent with his affidavit attached to the summary judgment motion.

The Court finds that although Cooper was not formally disclosed until June 29, 2007, the submission of his affidavit with defendant Bryant's motion for summary judgment at least put the plaintiff on notice that Cooper was a potential witness. As a result, any prejudice to the plaintiff would be minimal.

Bryant has notified the Court that Cooper will not be available to testify live at the trial of this case scheduled for August 28, 2007, and that if the plaintiff's motion in limine is not granted, Bryant will offer Cooper's deposition in lieu of live testimony. The Court finds that the plaintiff's motion in limine should be denied. Cooper will be allowed to testify; however, his testimony shall be limited to the subject matter of his affidavit attached to Bryant's summary judgment motion. To keep the prejudice to the plaintiff to a minimum, the Court further finds that Bryant shall be responsible for scheduling Cooper's deposition for a time and place agreeable to the plaintiff, either in Jackson, Mississippi, or some other location agreed to by the plaintiff.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion in Limine No. 7, contained in his Motions in Limine **(docket entry 148)** is DENIED.

So ORDERED, this the  18th  day of July, 2007.

                                             s/ David Bramlette
                                            UNITED STATES DISTRICT JUDGE