```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JOEL DOUGLAS ALEXANDER                                  PLAINTIFF

VS.                       CIVIL ACTION NO. 5:02-cv-665(DCB)(JMR)

MANHEIM SERVICES CORPORATION;
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC.; MANHEIM AUCTIONS,
INC.; JAMES GRAB and MIKE BRYANT                       DEFENDANTS
```

ORDER

This cause is before the Court on the plaintiff's Motions in Limine **(docket entry 148)**. Having carefully considered the motion, and the defendants' responses, the Court finds as follows:

Motion in Limine No. 1

The plaintiff moves the Court to exclude any evidence regarding his relationship with his former wife, Barbara Alexander, the breakup of their marriage, the causes thereof, and any opinions or statements made by his former wife regarding same, whether by deposition or otherwise, and the contents of the file of the divorce proceedings. As the basis for his motion, the plaintiff states that he has abandoned any claims for damages to his marriage. Defendant Bryant responds that the plaintiff has not abandoned his claim for damages for emotional distress, and his relationship with his wife could be relevant to show other sources of emotional distress not caused by the defendants. The Manheim join in that response, and also contend that testimony of Ms. Alexander is admissible under Fed.R.Evi. 406 to show habit or routine, but they do not elaborate further. The motion shall be

denied on the grounds that some testimony could be admissible on the issue of emotional distress; however, the defendants shall notify the Court before attempting to introduce same.

Motion in Limine No. 2

The plaintiff seeks to exclude all evidence of prior bankruptcies filed by or on behalf of the plaintiff. The defendants agree that any bankruptcies not related to this case shall not be admissible. They contend, however, that some of the bankruptcies are relevant. Bryant acknowledges that the first three bankruptcies would not be relevant, but contends that the last two bankruptcies would be relevant to Alexander's claim for emotional distress. In addition, Bryant asserts that the last two bankruptcies contain evidence of a security agreement involving the repossessed property, which is relevant to show the defendants' rights to the secured property. The Manheim defendants again assert Rule 406 (habit or routine), as well as Rule 608 (evidence concerning a witness' character for truthfulness or untruthfulness), without further elaboration. The motion shall be denied on the grounds raised by Bryant. The defendants are cautioned to notify the Court prior to introduction of the evidence.

Motion in Limine No. 3

The plaintiff seeks to exclude the contents of the file kept by his former counsel, Charles T. Robb, who is now deceased, on the basis that the contents contain hearsay and are unfairly prejudicial. The defendants counter that Alexander has waived the

attorney/client privilege with respect to Robb's representation of him, and that Robb's wife, who served as his secretary/paralegal/office manager, will be able to sponsor the admission of the file pursuant to Rule 803(6).  The Court finds that the parties have not sufficiently briefed the admissibility issues, and that they should be prepared to argue their positions at trial.  The motion shall therefore be denied without prejudice.

Motion in Limine No. 4

The plaintiff seeks to exclude testimony regarding his loss of profits and income, since he has abandoned any claims for loss of profits, income and business.  The Manheim defendants do not object to the motion.  Bryant, however, asserts that the condition of Alexander's business could be relevant as an additional cause of his emotional distress.  The motion shall be denied on that basis, but with caution to counsel to notify the Court before attempting to introduce such evidence.

Motion in Limine No. 5

This motion is conceded by the defendants.

Motion in Limine No. 6

This motion is conceded by the defendants.

Motion in Limine No. 7

This motion was denied by Order of July 18, 2007.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motions in Limine **(docket entry 148)** are GRANTED IN PART and DENIED IN PART as follows:

Motions in Limine No.s 1, 2 and 4 are DENIED;

Motion in Limine No. 3 is DENIED WITHOUT PREJUDICE;

Motions in Limine No.s 5 and 6 are GRANTED;

Motion in Limine No. 7 has previously been denied.

SO ORDERED, this the   22nd   day of August, 2007.

                                                       s/ David Bramlette
                                                 UNITED STATES DISTRICT JUDGE