```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JOEL DOUGLAS ALEXANDER                                  PLAINTIFF

VS.                          CIVIL ACTION NO. 5:02-cv-665(DCB)(JMR)

MANHEIM SERVICES CORPORATION;
MANHEIM'S PENNSYLVANIA AUCTION
SERVICES, INC.; MANHEIM AUCTIONS,
INC.; JAMES GRAB and MIKE BRYANT                       DEFENDANTS
```

ORDER

This cause is before the Court on the Manheim defendants' motions in limine **(docket entries 154, 155, 156, 157, 158, 159, 160, 161, and 162)**. Having carefully considered the motions, and the plaintiff's responses, the Court finds as follows:

Motion in Limine 154

The defendants seek to exclude testimony of Patty Schrieber because it could mislead, confuse, or prejudice the jury (Fed.R.Evi. 403). Because the defendants do not further elaborate, the motion shall be denied without prejudice.

Motion in Limine 155

This motion is conceded by the plaintiff.

Motion in Limine 156

The defendants seek to exclude plaintiff's Exhibit 18, which is an e-mail from Wendy Phoutz to Mary Lou Sutton, on Rule 403 grounds, but without further elaboration. The motion shall be denied without prejudice.

Motion in Limine 157

(a) The defendants seek to prohibit plaintiff's counsel from

questioning prospective jurors as to whether they could award a certain specified amount of actual damages if the evidence justified or supported it. The plaintiff asserts his right to voir dire the jury panel regarding damages in general. The Court shall hear the parties further on this issue and rule prior to the voir dire; therefore, the motion is denied without prejudice.

(b) The defendants request that the Court exclude evidence of any prior judgments against them. The plaintiff asserts, however, that evidence of prior litigation may be relevant to the issue of whether the defendants have previously utilized a criminal process to collect a civil debt. The motion shall be denied without prejudice to allow further argument.

<u>Motion in Limine 158</u>

The plaintiff concedes this motion.

<u>Motion in Limine 159</u>

The defendants seek to prohibit the plaintiff from introducing any evidence or testimony regarding punitive damages until the Court has determined that punitive damages may be considered by the trier of fact. The motion shall be granted.

<u>Motion in Limine 160</u>

The defendants seek to preclude any reference to the defendants instituting or pursuing criminal charges against the plaintiff, based on the fact that they merely conveyed facts to the local police. This motion is too broad to require a ruling at this time, and shall therefore be denied without prejudice.

<u>Motion in Limine 161</u>

2

The defendants' motion to preclude "any irrelevant testimony" is too vague to require a ruling and shall therefore be denied.

Motion in Limine 162

The defendants move to preclude any evidence of subsequent remedial measures, without further elaboration.  Because the content and context of such evidence is not disclosed, the motion shall be denied without prejudice.

SO ORDERED, this the   22nd   day of August, 2007.

                                      s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE